UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HENRY PHILLIP MUNTZER,<br><br>Defendant. | Case No. 21-cr-105 (JMC) |

## ORDER

Defendant Henry Phillip Muntzer was charged by superseding indictment with two felonies and four misdemeanors for his actions at the U.S. Capitol on January 6, 2021. ECF 50. After a two-day bench trial, he was convicted of all charges. ECF 80, 85-87. Mr. Muntzer now moves for judgment of acquittal on Count Two of the superseding indictment: felony civil disorder in violation of 18 U.S.C. § 231(a)(3). ECF 90. Because Mr. Muntzer's arguments have "already been rejected in January 6 cases by either this Court or others in this District – cases that [Mr. Muntzer] does not . . . distinguish," the Court will **DENY** the motion. *United States v. Dennis*, No. 21-CR-679, 2022 WL 17475401, at *3 (D.D.C. Dec. 6, 2022).

First, Mr. Muntzer argues that 18 U.S.C. § 231(a)(3) is unconstitutionally vague in violation of the Fifth Amendment's Due Process Clause because it uses vague, imprecise language, provides no explicit mens rea requirement, and triggers criminal liability based on the reactions of others rather than the actions of the defendant. *See* ECF 90 at 3-7. Many judges in this District—including this Court—have rejected these arguments. *See e.g.*, *United States v. Samsel*, No. 21-cr-537, ECF No. 240; *United States v. Mock*, No. 21-CR-444, 2023 WL 3844604, at *5 (D.D.C. June 6, 2023); *United States v. Gossjankowski*, No. 21-CR-123, 2023 WL 130817,

at *11-13 (D.D.C. Jan. 9, 2023); *United States v. Nordean*, 579 F. Supp. 3d 28, 57 (D.D.C. 2021). Mr. Muntzer gives the Court no reason to depart from these well-reasoned decisions.

Second, Mr. Muntzer contends that Section 231(a)(3) exceeds Congress' Commerce Clause power because it criminalizes intrastate activity. ECF 90 at 7-14. But judges both in this District and beyond have held that "[Section] 231(a)(3) contains a jurisdictional element that ensures a sufficient connection to interstate commerce in each application." *United States v. Mostofsky*, 579 F. Supp. 3d 9, 21 (D.D.C. 2021); *see United States v. Pugh*, 90 F.4th 1318, 1324-28 (11th Cir. 2024); *United States v. Wood*, No. 20-CR-56, 2021 WL 3048448, at *5-7 (D. Del. July 20, 2021). The Court agrees.

Finally, Mr. Muntzer argues that Section 231(a)(3) violates the First Amendment because it is an overbroad, content-based restriction on speech. ECF 90 at 14-21. This Court has already rejected the same overbreadth argument, *see United States v. Samsel*, No. 21-cr-537, ECF No. 240 at 8-10, as have many judges in this district, *see United States v. Williams*, No. 21-CR-618, 2022 WL 2237301, at *6 (D.D.C. June 22, 2022) (collecting cases). And, as other courts have concluded, the statute is not a content-based restriction on speech—rather, its "restrictions are agnostic as to content." *United States v. Bray*, No. 23-CR-306, 2024 WL 3723942, at *7 (D.D.C. Aug. 8, 2024) (collecting cases); *see Pugh*, 90 F.4th at 1332.

For the foregoing reasons, Mr. Muntzer's motion for acquittal on Count Two, ECF 90, is **DENIED.**

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: September 25, 2024